Daniel **BASURTO–PACHECO** and Patricia Esquivel–Reyes, Petitioners,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 08–71263.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 23, 2008.

Akintunde Samuel Akintimoye, Law Offices of A. Sam Akintimoye, San Bernardino, CA, for Petitioners.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, LEAVY and IKUTA, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen proceedings after the BIA found petitioners ineligible for cancellation of removal.

The BIA declined to exercise its discretionary authority to grant petitioners' motion to reopen sua sponte. This court does "not have jurisdiction to review the BIA's refusal to reopen deportation proceedings sua sponte," *Ekimian v. INS,* 303 F.3d 1153, 1160 (9th Cir.2002), and this aspect of the petition must be dismissed.

We also dismiss the aspect of the petition challenging the denial of petitioners' request for remand to the immigration judge. This court lacks jurisdiction over this because the BIA determined in its discretion that the evidence provided was insufficient to establish a prima facie case of hardship. *Cf. Fernandez v. Gonzales,* 439 F.3d 592, 601–03 (9th Cir.2006); *see Castillo–Perez v. INS,* 212 F.3d 518, 525 & n. 7 (9th Cir.2000) (equating motions to remand and motions to reopen).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, the BIA did not abuse its discretion in denying petitioners' motion to reopen, filed more than two years after the BIA's final order of removal, because the motion to reopen was untimely. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1222 (9th Cir.2002) (stating standard of review). Accordingly, we grant respondent's motion for summary disposition because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.